IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANDI L. SPEEDY and BILLY SPEEDY,

    Plaintiffs,

vs.

3M COMPANY, *et al.*,

    Defendants.

Case No. 15-cv-391-SMY-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Plaintiff's Motion for Remand Pursuant to 28 U.S.C. § 1447 (Doc. 11) to which Defendant Solar Turbines Incorporated responded (Doc. 27). For the following reasons, the Court **GRANTS** the motion.

    At the age of twenty-five plaintiff Shandi Speedy was diagnosed with mesothelioma which Plaintiffs allege was caused by asbestos that emanated from products "manufactured, sold, distributed or installed by" several defendants. One of those named defendants was Solar Turbines Incorporated, "a worldwide manufacturer and supplier of power generation products, including industrial gas turbines, generators, exhaust manifolds, and aircraft/aerospace hardware" (Doc. 27, p.2). The company has also produced "stainless-steel caskets, frying pans, bulk milk containers and redwood furniture." *Id*.

    Plaintiffs allege asbestos fibers were transferred to Ms. Speedy as a child from her father's clothing, skin, and hair as a result of his work "with and around asbestos-containing products while repairing vehicles, aircraft, and mobile equipment both as a civilian and as a member of the National Guard" (Doc. 1-1, p. 3). Specifically, Plaintiffs' Answers to Standard Asbestos Interrogatories (Doc. 12-2) indicate the father was exposed to asbestos-containing products during his service in the United States Air Force, his employment at a NAPA Store, and

while performing personal automotive and lawn mower engine work. According to the interrogatory answers he was exposed to the following asbestos containing products: "jets, jet engines, parts: gaskets, clamps, heat shields, sleeves, APUs, etc." manufactured by Boeing, Pratt & Whitney, Aeroquip, and Adel while in the United States Air Force; brakes and clutches manufactured by Bendix and Pneumo-Abex while employed at NAPA (Doc. 12-2, p. 9); and products manufactured by NAPA, Honeywell-Bendix, Briggs & Stratton and Kohler while performing personal automotive and lawn mower repair (Doc. 12-2, p. 10). Plaintiffs' interrogatory answers consistently indicate the "investigation continues."

Plaintiffs filed their Complaint (Doc. 1-1) on December 8, 2014, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. On January 5, 2015, Plaintiffs served the aforementioned Answers to Standard Asbestos Interrogatories. On January 22, 2015, Plaintiffs filed a First Amended Complaint (Doc. 1-2) in which they included the same allegations and named Solar Turbines Incorporated as a defendant for the first time.[1] Solar Turbines Incorporated was served with the First Amended Complaint on January 26, 2015 (Doc. 1-2, p. 3). On February 25, 2015, Solar Turbines Incorporated filed its Motion to Dismiss in which it raised the government contractor defense "to the extent that it is claimed [the relevant asbestos-containing products] were supplied or sold to the United States Government . . . ." (Doc. 12-3, p. 8). On April 8, 2015, defendant Solar Turbines Incorporated removed the case to this Court based on federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

Plaintiffs contend that Solar Turbines Incorporated had access to their Answers to Standard Asbestos Interrogatories on January 26, 2015, the date of service. As such, Plaintiffs reason Solar Turbines Incorporated was required to file its Notice of Removal no later than

---

[1] Currently, the operative complaint is the Second Amended Complaint (Doc. 1-10) filed on April 7, 2015.

February 25, 2015, because that document gave the defendant sufficient notice of its ability to remove the case under the federal officer removal statute. Plaintiffs argue this case must be remanded to state court because Solar Turbines Incorporated did not file its Notice of Removal until April 8, 2015. Solar Turbines Incorporated counters that the 30-day removal clock did not begin to run until March 10, 2015, the day on which Ms. Speedy's father was deposed and it learned that the father was allegedly exposed to asbestos-containing Solar Turbines Incorporated products while he was in the military.

As the removing party, Solar Turbines Incorporated bears the burden of demonstrating removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely. 28 U.S.C. §1446." *Id.* Here, the parties only disagree over the timeliness of Solar Turbines Incorporated's Notice of removal.

A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, if the complaint does not reveal the case is removable, "[t]he 30-day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013); 29 U.S.C. § 1446(b)(3). Solar Turbines Incorporated's basis for removal is the federal officer removal statute under which the removing defendant "must show it was a (1) 'person' (2) 'acting under' the United States, its agencies, or its officers (3) that has been sued 'for or relating to any act under color of such office,' and (4) has a colorable federal defense to the plaintiff's claim." *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012) (quoting 28 U.S.C. § 1442(a)). As such, it had to remove this case within 30 days upon "receipt of a pleading or other

3

paper that affirmatively and unambiguously reveals" the case was removable under the foregoing federal officer removal standard.

In *In re Asbestos Products Liability Litigation*, a district court addressed a similar question. 770 F. Supp. 2d 736 (E.D. Pa. 2011). The plaintiff's complaint alleged three potential sites of exposure, only one of which was a military site, and exposure to various asbestos-containing products from which the defendant could not conclude the exposure occurred at a military site. *Id*. at 740. Thereafter, the plaintiffs filed their interrogatory answers indicating that the defendant "sold, supplied, marketed, and distributed asbestos containing products to which [the decedent] was exposed while in the U.S. Navy . . . including : . . . Marine Steam Turbines." *Id*. The court found that these answers revealed the "nexus" between the plaintiff's claim and the defendant's alleged actions necessary for removal under the federal officer removal statute. *Id*. Thus, the thirty-day removal clock did not begin to run until the defendant received the plaintiff's interrogatory answers. *Id*.

Here, Plaintiffs' First Amended Complaint did not affirmatively and unambiguously reveal that the basis for liability against Solar Turbines Incorporated was while it was acting under the direction of the United States. Rather, Plaintiffs indicated that Ms. Speedy's father worked around asbestos-containing products "both as a civilian and as a member of the National Guard." This leaves the a real possibility that Ms. Speedy's father worked around Solar Turbine Incorporated's products as a civilian and thus the case would not be removable under the federal officer removal statute.

Plaintiffs' interrogatory answers, however, identify specific worksites and asbestos-containing products from which Solar Turbines Incorporated could have concluded that Plaintiffs' allegations arose while it was acting under the direction of the United States. Solar Turbines Incorporated has failed to point to any asbestos-containing product it manufactured that

4

the father could have been exposed to during his employment at NAPA or while working on personal automotive and lawn mower engines. Rather, it knew that it had manufactured auxiliary power units for the United States military's aircrafts. Said knowledge is evident by the assertion of its government contractor defense on February 25, 2015. By the process of elimination, Plaintiffs' interrogatory answers provide the "nexus" between Plaintiffs' claims and Solar Turbines Incorporated's alleged actions from which it could conclude this case was removable under the federal officer removal statute. Considering the foregoing, the father's March 10, 2015 deposition added nothing to Solar Turbines Incorporated's knowledge that its case was removable under the federal officer statute because Plaintiffs' allegations against it could have only occurred while it was acting under the direction of the United States

As such, the thirty-day removal clock began to run on January 26, 2015, the date Solar Turbines Incorporated had access to Plaintiffs' interrogatory answers. Solar Turbines Incorporated was required to file its Notice of Removal no later than February 25, 2015. It did not file its Notice of Removal until April 8, 2015, well beyond the thirty-day requirement of 28 U.S.C. § 1446(b)(1).

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 11) is **GRANTED** and this case is **REMANDED** to the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:** May 12, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
